79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin O. GOMEZ-SEBALLOS; Chalismar Vega-Gomez; Sergio
Gomez-Vega, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70790.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Husband and wife Melvin Gomez-Seballos and Chalismar Vega-Gomez and their son Sergio Gomez-Vega, all natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying their requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petitions for review.
 
 
 3
 We review for abuse of discretion the denial of asylum and for substantial evidence the decision to deny the withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). Where the BIA adopts the IJ's reasoning, we review the decision of the IJ. Id. Accordingly, we will uphold the IJ's determinations unless the applicant demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 To establish eligibility for asylum, Gomez-Seballos must show that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Gomez-Seballos must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995).
 
 
 5
 Gomez-Seballos contends the BIA's decision that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence. Gomez-Seballos testified that: (1) in 1979 he volunteered for the Sandinista army reserves; (2) he was given the rank of lieutenant against his will; (3) in 1987 he deserted from the reserves because his wife was pregnant and the Sandinistas refused to defer his service; and (4) the Sandinistas then harassed his wife in an attempt to locate him, including refusing to provide her with medical care and a ration card. Gomez-Seballos also testified that he feared persecution because in 1979, Ramon Solis, a former Sandinista, fingered his brother as a "rebel" to Somoza's National Guard and that his brother was then killed. Although Solis was sentenced to 30 years imprisonment by the Sandinistas, he has recently been granted amnesty and released.
 
 
 6
 Here, substantial evidence supports the BIA's determination that Gomez-Seballos' treatment by the Sandinistas did not rise to the level of persecution. See Ubau-Marenco v. INS, 67 F.3d 750, 754 (9th Cir.1995). First, a foreign country has a right to require military service and punish individuals for avoidance of military service. Cf. Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Second, Gomez-Seballos failed to establish that the Sandinistas had a persecutory motive for seeking him, see Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988), or have interpreted his desertion as on account of his political opinion, see Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Third, Gomez-Seballos has not shown that his dispute with Solis is anything more than a personal dispute. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576 n. 7 (9th Cir.1986) ("[A]n individual who fears persecution because of a personal dispute ... is not entitled to 'refugee' status as the anticipated mistreatment would not be on account of 'political opinion' "). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Gomez-Seballos] was subject to persecution or had a well-founded fear of persecution." See Prasad, 47 F.3d at 339.
 
 
 7
 Furthermore, while Gomez-Seballos may have a subjective fear of persecution upon his return to Nicaragua, he did not present specific evidence to support an objectively reasonable, well-founded fear of persecution. See id.; Kazlauskas, 46 F.3d at 906. First, the BIA found that due to the presence of the newly elected democratic government in Nicaragua, it was unlikely that Gomez-Seballos would face persecution upon his return. See Kazlauskas, 46 F.3d at 906 n. 3 (noting that fundamental political changes are highly relevant to the likelihood of future persecution). Second, even if Gomez-Seballos is correct in asserting that he would face persecution by the Sandinistas who allegedly retain control of the military, he has failed to establish that he would be persecuted based upon an enumerated ground. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (holding that petitioner is not entitled to asylum based upon his former membership in the Sandinista military).
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Gomez-Seballos has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340; Acewicz, 984 F.2d at 1062. Because Chalismar Vega-Gomez and Sergio Gomez-Vega were included in Gomez-Seballos' asylum application, their claims for asylum and withholding of deportation are also denied. See 8 U.S.C. § 1158(c).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 References to Gomez-Seballos, the principal petitioner, include all family members